IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MITCHELL GOLDMAN**, | Case No. 3:25-cv-357-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **JEFF BEGIS** and **INSTANT AUTO BODY**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Mitchell Goldman brings this case against Defendants Jeff Begis[1] ("Begis") and Instant Auto Body,[2] claiming age discrimination in failure to hire in violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff is representing himself and is proceeding *in forma pauperis*. Defendants have moved to dismiss Plaintiff's complaint. For the reasons explained below, the Court grants this motion and grants Plaintiff leave to amend.

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual

---

[1] Defendants state that they are unaware of anyone named Jeff Begis and that Jacob Begis is the person Plaintiff intended to sue. ECF 13 at 2 & n.1.

[2] It is unclear if Plaintiff means to sue two defendants or only one. In his complaint, Plaintiff lists "Jeff Begis/Instant Auto Body" as one defendant and states that this defendant's "job or title" is "Owner." *See* ECF 1 at 1-2. For purposes of this motion, the Court considers Begis and Instant Auto Body as two defendants.

allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted)

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff alleges that on April 25, 2024, "Jeff Begis/Instant Auto Body" texted Plaintiff asking if Plaintiff was available for a phone interview about a job opening. ECF 1 at 10. Plaintiff asserts that he and Begis spoke on the phone and Begis made Plaintiff a job offer. *Id.* After the phone call, Begis allegedly texted Plaintiff and told Plaintiff to contact Begis's operations manager to "put everything in writing." *Id.* Plaintiff alleges that Begis then called Plaintiff again, and during the conversation asked how long Plaintiff had until retirement and if Plaintiff planned to continue working past retirement age. *Id.* The next day, Plaintiff asserts that he was "blown

off" by Begis's operations manager, and when Plaintiff texted Begis about this, Begis said he would talk to the operations manager. *Id.* Plaintiff alleges that Begis told Plaintiff that Begis would come down to Portland the following Tuesday, but Begis "blew [Plaintiff] off" on Tuesday and did not answer Plaintiff's texts. *Id.* The next morning, Begis allegedly texted Plaintiff and told Plaintiff that Begis had hired someone else. *Id.* Plaintiff includes screenshots of the alleged text messages in his complaint. *Id.* at 5-9.

Plaintiff filed a charge with the EEOC, and on October 17, 2024, the EEOC granted Plaintiff's request for a Notice of Right to Sue. *Id.* at 13. Plaintiff filed his complaint in this action on February 28, 2025. Plaintiff does not request any specific relief. *See id.* at 11-12.

## DISCUSSION

Defendants argue that because there is no personal liability under the ADEA, Plaintiff fails to state a claim against Begis. Defendants contend that Plaintiff must have intended to sue Begis in his individual capacity because Plaintiff listed only a single defendant on his complaint and listed this defendant's job title as "Owner," served only a single summons directed to "Jeff Begis / Instant Auto Body," and stated during conferral that Begis was the only person in the company that Plaintiff spoke with. Plaintiff's response to Defendants' motion to dismiss confirms that Plaintiff meant to sue only Begis—Plaintiff states that Begis is the only person he talked with from Instant Auto Body and "is the only person that committed these offenses against [Plaintiff]." Defendants therefore argue that amendment would be futile because no set of facts exist under which Plaintiff could sue Begis for violations of the ADEA.

Defendants are correct that there is no individual liability under the ADEA. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) ("[T]his court's ruling in *Padway* [*v. Palches*, 665 F.2d 965 (9th Cir. 1982)] that individual defendants cannot be held liable for damages under Title VII is good law, and, because of the similarities in the Title VII and ADEA

PAGE 4 – ORDER

statutory schemes, is applicable to suits under the ADEA." (footnote omitted)). Accordingly, Plaintiff may not sue Begis under the ADEA, and the Court dismisses Plaintiff's ADEA claim against Begis. Plaintiff may, however, sue the company that Begis allegedly owns, Instant Auto Body, under the ADEA if Plaintiff properly serves a summon on this Defendant. Thus, amendment would not be futile.

Defendants also argue that Plaintiff's complaint fails to satisfy Rule 8 of the Federal Rules of Civil Procedure because it does not include the damages Plaintiff suffered and his requested relief. *See* Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."). It is clear that Plaintiff did not include a demand for relief in his complaint and therefore his complaint does not comply with Rule 8 and is deficient. But this deficiency can be remedied with repleading, and amendment would also not be futile on these grounds.[3]

## CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss, ECF 13. If Plaintiff in good faith believes that he can cure the deficiencies identified in this Order, he may file an amended complaint not later than June 30, 2025.

**IT IS SO ORDERED.**

DATED this 30th day of May, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] Indeed, the cases that Defendants cite to support dismissal granted leave to replead. *See Wagner v. Kallery*, 2022 WL 124527, at *2 (D. Or. Jan. 13, 2022) (granting leave to amend); *Blocker v. Universal Music Publ'g Grp.*, 2015 WL 1526487, at *1 (D. Or. Apr. 3, 2015) (granting leave to amend the plaintiff's second amended complaint).