## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MITCHELL GOLDMAN**, | Case No. 3:25-cv-357-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **INSTANT AUTO BODY** and **JACOB BEGIS**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Mitchell Goldman brings this case against Defendants Instant Auto Body and Jacob Begis ("Begis"), claiming age discrimination in failure to hire in violation of the Age Discrimination in Employment Act ("ADEA"). Plaintiff is representing himself and is proceeding *in forma pauperis*. Defendant Begis moves to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons explained below, the Court grants this motion and dismisses Defendant Begis from this case.

### STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.,*

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, a court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The Court need not, however, credit a plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted)

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## BACKGROUND

Plaintiff alleges that Begis called and made Plaintiff an offer to work at Instant Auto Body. Begis explained that the job paid $72,500 plus commission based on the sales team Plaintiff would manage, along with a company car and a gas card. Begis described that the target total compensation for the position was $140,000 to $160,000 per year. Begis requested that Plaintiff discuss the job the next day with Instant Auto Body's operations manager so Instant Auto Body could finalize the employment paperwork. Begis also noted that Plaintiff would have to sign a non-competition agreement.

Plaintiff alleges that later that day, Begis called back and asked how close Plaintiff was to retirement and if he planned to work past retirement. Plaintiff had set up a telephone call with

Instant Auto Body's operations manager for the next day, but the operations manager did not attend the call. Begis then told Plaintiff that he would bring the paperwork to Plaintiff, but did not show up or return Plaintiff's calls. After "jerk[ing]" Plaintiff around for nearly a week, Begis told Plaintiff that Instant Auto Body had hired another person, despite knowing that Plaintiff had turned down another job offer to accept Instant Auto Body's offer of employment.

Plaintiff attaches to his Amended Complaint text messages between he and Begis. Begis told Plaintiff to speak with the operations manager, and then stated: "We want to offer you a job and get you started as soon as possible." ECF 20 at 6. After Plaintiff told Begis that the operations manager did not attend their scheduled telephone call or respond to messages, Begis texted: "I will talk to him Monday." *Id.* at 7. Plaintiff followed up on Monday after not hearing from Begis or the operations manager, and Begis responded that Mondays were busy and they would "talk tomorrow afternoon." *Id.* at 8. By Friday Plaintiff asked if Begis had time to talk and he responded: "lets talk at 2pm." *Id.* at 10. Plaintiff texted: "I never heard from you at 2." *Id.*

## DISCUSSION

Plaintiff filed his original complaint against "[Jacob] Begis/Instant Auto Body." Defendants moved to dismiss, arguing that there is no individual liability under the ADEA and that Plaintiff only sued one defendant, Begis. Defendants also moved to dismiss under Rule 8 of the Federal Rules of Civil Procedure, because Plaintiff did not allege any damages.

The Court granted the motion, noting that it was unclear whether Plaintiff was separately suing Instant Auto Body and agreeing that there is no personal liability against Begis under the ADEA. *See* ECF 19 at 4-5 (quoting *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993)). The Court, however, granted Plaintiff leave to amend so that he could name Instant Auto Body as a defendant and could allege damages. *Id.* at 5.

Plaintiff filed his Amended Complaint, naming Instant Auto Body as a separate defendant and alleging $100,000 in damages. Plaintiff, however, continues to name Begis as a defendant, despite the Court's ruling that there is no individual liability under the ADEA. In response to Begis's motion to dismiss, Plaintiff argues that Begis is the only person Plaintiff spoke and interacted with. That the ADEA does not allow for personal liability, however, does not preclude Plaintiff from relying on the words and conduct of Begis. Instant Auto Body, as a business entity, is responsible for the conduct of its employees acting within the course of employment. *See Holley v. Crank*, 400 F.3d 667, 671 (9th Cir. 2005) ("Under general principles of corporate liability, a corporate employee acts on behalf of the corporation . . . ."). Because Plaintiff alleges no claim other than under the ADEA despite being granted leave to amend with the explanation that there is no individual liability under the ADEA, the Court dismisses the claim against Begis with prejudice.

## CONCLUSION

The Court GRANTS Defendant Begis's Motion to Dismiss, ECF 27. The Court dismisses the claim against Defendant Jacob Begis with prejudice.

**IT IS SO ORDERED.**

DATED this 25th day of August, 2025.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge